Filed 2/28/23  Fulkerson v. Albert & Mackenzie LLP CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| HEATH V. FULKERSON, | |
| Plaintiff and Respondent, | C095168 |
| v. | (Super. Ct. No. 34-2021-00303464-CU-FR-GDS) |
| ALBERT & MACKENZIE LLP et al., | |
| Defendants and Appellants. | |

Heath Fulkerson (Fulkerson), At Home Electric, and Heath V. Fulkerson LLC sued Albert & Mackenzie LLP, a law firm, Jeremiah Brasher, an attorney, and Hartford Accident & Indemnity Company (Hartford), a workers' compensation insurer, for intentional infliction of emotional distress, slander, and fraud.  The complaint did not specify the conduct or statements by defendants upon which plaintiffs' claims for relief were based.

1

Defendants filed special motions to strike the complaint pursuant to Code of Civil Procedure section 425.16,[1] asserting that plaintiffs' claims arose from counsel's conduct in representing Hartford before the Workers' Compensation Appeals Board and that plaintiffs could not establish a prima facie case supporting their claims. The trial court denied the motions, concluding the complaint was too vague to support a finding that it arose from protected activity.

Hartford and Albert & Mackenzie LLP now contend the trial court should have considered the declarations defendants submitted with their motions, which they claim allowed them to meet their threshold burden of showing that plaintiffs' claims arose from conduct protected under section 425.16, subdivision (e). Finding no error, we will affirm the trial court's order.

BACKGROUND

The complaint alleged that as a result of defendants' actions, Fulkerson was forced to represent himself in Workers' Compensation Appeals Board case No. ADJ13747725 (case 7725) and incur costs. Brasher and Albert & Mackenzie LLP filed a special motion to strike the complaint pursuant to section 425.16, arguing that the claims arose from their representation of Hartford in case 7725, their conduct was protected activity under section 425.16, subdivision (e)(2), and plaintiffs could not establish a prima facie case.

Brasher's declaration, submitted in support of the motion, asserted the following: case 7725 involved an alleged injury that occurred on August 22, 2020. Albert & Mackenzie LLP was the attorney of record for Hartford in that case. Brasher investigated Fulkerson's claim, communicated with Fulkerson regarding possible settlement, developed Hartford's defenses, conducted discovery, and filed documents in the trial court. Fulkerson filed another application for adjudication of claim with the Workers'

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

Compensation Appeals Board in relation to an alleged injury that occurred on February 6, 2020. Every act or omission by Brasher or Albert & Mackenzie LLP occurred within the scope of their representation of Hartford in the workers' compensation matters. The only connection between Brasher and Albert & Mackenzie LLP, on the one hand, and Fulkerson, on the other, was Albert & Mackenzie LLP and Brasher's representation of Hartford in the workers' compensation matters.

Hartford filed a separate motion under section 425.16, also arguing that the complaint was based on conduct and/or statements by defendants in the workers' compensation proceedings. Hartford submitted the declaration of its counsel Andrew Downs, who averred that the complaint was based on Hartford's conduct in case 7725.

Plaintiffs did not file an opposition to defendants' motions. The trial court continued the motion by Brasher because of a bankruptcy stay, but it denied the motions by Hartford and Albert & Mackenzie LLP. The trial court noted that although the complaint referenced case 7725, it did not specify what actions by defendants caused Fulkerson to represent himself in that case. The trial court found the complaint too vague to support a finding that it arose from protected activity.

DISCUSSION

Hartford and Albert & Mackenzie LLP contend the trial court should have considered the declarations from Brashers and Downs that were submitted with their motions, and defendants met their threshold burden of showing that plaintiffs' claims arose from conduct protected under section 425.16, subdivision (e).

Section 425.16 sets out a procedure for striking what are commonly called strategic lawsuits against public participation or SLAPPs (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 785, fn. 1, 788 (*Monster Energy Co.*)), which are "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a); see *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 278.) Section 425.16,

3

subdivision (b)(1) provides, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

A motion brought under section 425.16 is called an anti-SLAPP motion. (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1007, fn. 1 (*Bonni*).) Consideration of such a motion involves a two-step process. Only a cause of action that satisfies both steps is subject to being stricken under the statute. (*Monster Energy Co., supra*, 7 Cal.5th at p. 788.)

At the first step of the anti-SLAPP analysis, the moving defendant must make a prima facie showing that the plaintiff's cause of action arises from an act by the defendant taken in furtherance of the defendant's " ' "right of petition or free speech under the United States or the California Constitution in connection with a public issue," ' " as defined in section 425.16. (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 420 (*City of Montebello*).) In this context, "cause of action" refers to a claim, not to counts in a pleading or how the primary right theory might define a cause of action. (*Bonni, supra*, 11 Cal.5th at pp. 1009-1012; *Baral v. Schnitt* (2016) 1 Cal.5th 376, 382, 391, 396 (*Baral*).) A defendant meets his or her threshold burden by demonstrating that the conduct by the defendant underlying the plaintiff's claim fits one of the categories described in section 425.16, subdivision (e). (*Bonni,* at pp. 1009-1012.) Those categories include statements or writings in connection with matters before the Workers' Compensation Appeals Board. (§ 425.16, subd. (e)(1), (e)(2); *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2006) 136 Cal.App.4th 464, 477.) An order granting or denying a section 425.16 motion is subject to de novo review. (§ 425.16, subd. (i); *Bonni,* at p. 1009.)

4

We look to the complaint to determine what alleged activity by defendants forms the basis for plaintiffs' claims for relief.  (*Medical Marijuana, Inc. v. ProjectCBD.com* (2020) 46 Cal.App.5th 869, 884 (*Medical Marijuana, Inc.*).)  Generally we will not insert into a pleading allegations that have not been identified.  (*Id.* at p. 883; accord *Medical Marijuana, Inc. v. ProjectCBD.com* (2016) 6 Cal.App.5th 602, 621; see generally *Bel Air Internet, LLC v. Morales* (2018) 20 Cal.App.5th 924, 936 (*Bel Air Internet, LLC*); see also *Martin v. Inland Empire Utilities Agency* (2011) 198 Cal.App.4th 611 (*Martin*); *Central Valley Hospitalists v. Dignity Health* (2018) 19 Cal.App.5th 203.)

Here, it appears that the complaint alleged causes of action for intentional infliction of emotional distress, slander, and fraud.  The complaint alleged that Hartford hired Albert and Mackenzie LLP, that Brasher acted intentionally to inflict emotional distress upon Fulkerson, and that Fulkerson was harmed as a result.  The complaint also alleged Albert & Mackenzie LLP and Hartford, through Brasher, slandered Fulkerson's name, business and reputation by making false statements about Fulkerson and his family and business, causing harm.  In addition, the complaint alleged that Albert & Mackenzie LLP and Hartford, through Brasher, engaged in deceitful business practices and intentional fraud, causing Fulkerson and his business harm.

However, the complaint did not identify liability-producing conduct or statements by defendants.  It is true that in deciding an anti-SLAPP motion, we may consider not only the complaint but also affidavits stating the facts upon which the liability or defense is based.  (§ 425.16, subd. (b)(2).)  But defendants do not cite authority for the proposition that they can satisfy their threshold burden with declarations articulating possible bases for the plaintiffs' claims when the challenged pleading does not contain such allegations.  This case is different than *Bonni, supra*, 11 Cal.5th at p. 1017, fn. 5, in which the *plaintiff's* opposition established that there were protected statements.  Here, we cannot assume that Hartford's attorneys must have engaged in protected activity.  (*Martin, supra*, 198 Cal.App.4th at p. 628; see generally *Bel Air Internet, LLC, supra*,

5

20 Cal.App.5th at p. 937 [in considering affidavits in the first step of the anti-SLAPP analysis, the court cannot ignore the allegations in the complaint].)

The trial court properly denied the anti-SLAPP motions. Because we conclude defendants did not satisfy their threshold burden, we need not address the second step, whether plaintiffs could demonstrate a probability of prevailing on the merits. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 80-81.)

## DISPOSITION

The order denying the special motion to strike is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


/S/
MAURO, J.


We concur:


/S/
ROBIE, Acting P. J.


/S/
HULL, J.